# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS G. GONZÁLEZ-COLÓN,<br><br>Petitioner,<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, <u>et al.</u>,<br><br>Defendants. | CIVIL NO. 15-1560 (PAD) |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court are motions for summary judgment regarding Luis G. González-Colón's petition for a writ of habeas corpus under 28 U.S.C. § 2254, and petitioner's objections to the Magistrate Judge's Report and Recommendation ("R&R") recommending that the Commonwealth of Puerto Rico's motion be granted. For the reasons explained below, the R&R is ADOPTED, the Commonwealth's motion for summary judgment is GRANTED, and the petition for writ of habeas corpus is DENIED.

## I. BACKGROUND

Petitioner was convicted in the Commonwealth of Puerto Rico for illegal practice of psychology in violation of Puerto Rico Law 96 of June 4, 1983, P.R. Laws Ann. tit. 20, § 3221, and third degree illegal appropriation, in violation of the Puerto Rico Penal Code, P.R. Laws Ann. tit. 33, § 4821.[1] He filed a *pro se* petition for writ of habeas corpus (Docket No. 1). Considering

---
[1] Petitioner was found guilty of both charges and sentenced accordingly. He unsuccessfully appealed his conviction to the Puerto Rico Court of Appeals. Thereafter, he filed a *certiorari* petition with the Puerto Rico Supreme Court, which denied the petition and a subsequent motion for reconsideration.

his financial condition, the court appointed counsel under the CJA (Docket No. 28). Following appointment of counsel, petitioner filed through counsel an Amended Petition for Writ of Habeas Corpus (Docket No. 32), which he amended (Docket No. 63), subsequently moving for summary judgment (Docket Nos. 85-87). The Commonwealth opposed the petitioner's motion for summary judgment (Docket No. 120), and moved for summary judgment. Id. The motions were referred to U.S. Magistrate Judge Bruce J. McGiverin, who, as stated above, issued an R&R recommending that the Commonwealth's motion be granted (Docket No. 125). González filed objections to the R&R (Docket No. 128).

### A. REFERRAL

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See, 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72. Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See, 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

### B. DISCUSSION

Basically, petitioner alleges that his conviction cannot stand because Law 96 was applied to him in violation of the First Amendment, and is facially void for vagueness under the Due

Process Clause of the Fifth Amendment.[2] The Magistrate Judge examined the arguments in light of the record, finding no constitutional violations. Petitioner objects, insisting on the validity of the constitutional claims.

The court has carefully conducted an independent *de novo* examination of the (i) Second Amended Petition for Writ of Habeas Corpus; (ii) parties' filings at Docket Nos. 85-87, 120; (iii) R&R's findings and recommendations; (iv) petitioner's objections; and (v) record as whole. There is no merit in the challenge to the state conviction on constitutional grounds. The R&R is supported by the record and the law.

### C. CONCLUSION

For the reasons stated, the court hereby ADOPTS the R&R, GRANTS the Commonwealth's Motion for Summary Judgment at Docket No. 120, and DENIES the petition for writ of habeas corpus. Judgment shall be entered accordingly.

### D. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Proceedings provides that a "district court must issue or deny a certificate of appealability ('COA') when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the petition here does not satisfy this

---

[2] According to petitioner, Law 96 is unconstitutional as applied to him because it violates his First Amendment right to inform the public about the services he is authorized by law to provide as a licensed professional counselor; his right to use scientific terms necessary to prepare reports and/or express fully the content of work he is authorized to perform; and to inform the public about his professional and academic qualifications (Docket No. 63 at p. 3). He claims the statute is "facially unconstitutional" as it is overbroad and vague in its description of the acts that violate its provisions and, thus, conflicts with the practice of other licensed professions in Puerto Rico, such as professional counselors, to "inform of their personal and academic qualifications, inform the public about the services they provide, and express the scientific content of their work." Id. at p. 6.

standard, the court will not issue a COA under Rule 11(a). Petitioner may still seek a certificate directly from the First Circuit in conformity with Rule 22(b)(1) of the Federal Rule of Appellate Procedure.

**SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of July, 2018.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge